IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTONIO HATCHER, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SCM GROUP NORTH AMERICA, INC., | : | No. 15-1630 |
| Defendant. | : | |

**MEMORANDUM**

**Schiller, J.**                                                                                                       **March 30, 2016**

On March 1, 2016, the Court granted summary judgment in favor of SCM Group North America ("SCM"). Presently before the Court is Plaintiff's Motion for Reconsideration or, in the alternative, Motion to Stay Defendant's Motion for Summary Judgment pending the Pennsylvania Supreme Court's decision in *Amato v. Bell & Gossett, Clark-Reliance Corp.*, No. 448 EAL 2015, 2016 WL 381069 (Pa. Feb. 1, 2016). Hatcher argues that the Court made two clear errors of law and fact in the March 1, 2016 Memorandum: (1) excluding Plaintiff's expert report from consideration; and (2) overlooking the testimony of Jonathan Bagby, a senior employee at SCM. In the alternative, Hatcher asks the Court to vacate its decision and stay this litigation until the Pennsylvania Supreme Court decides *Amato*, which will address: "Whether, under the Court's recent decision in *Tincher v. Omega Flex, Inc.*, 104 A.3d 328 (Pa. 2014), a defendant in a strict-liability claim based on a failure-to-warn theory has the right to have a jury determine whether its product was unreasonably dangerous [because of inadequate warnings]." 2016 WL 381069, at *1. For the reasons set forth below, the Court will deny Hatcher's motion.

**I.      STANDARD OF REVIEW**

The purpose of a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) is "to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Out of consideration for finality and judicial economy, courts should grant motions under Rule 59(e) sparingly. *Ruscavage v. Zuratt*, 831 F. Supp. 417, 418 (E.D. Pa. 1993). A motion to alter or amend a judgment may be granted only for one of the following reasons: (1) an intervening change in controlling law; (2) the discovery of new evidence not available previously; or (3) the need to correct a clear error of law or to prevent manifest injustice. *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A party may not use a Rule 59(e) motion to relitigate old matters or to present evidence that could have been offered earlier. *Palladino v. Governor of Pa.*, App. A. No. 14-2766, 2014 WL 5137653, at *2 (3d Cir. Oct. 14, 2014).

**II.     DISCUSSION**

      **A.      Clauser's Expert Report Was Not Competent for Consideration**

The Court excluded Craig Clauser's expert report, because it was not properly supported by an affidavit or substitute declaration described in Federal Rule of Civil Procedure 56(c) or 28 U.S.C. § 1746. *See Burrell v. Minn. Mining Mfg. Co.*, Civ. A. No. 08-87293, 2011 WL 5458324, *1 (E.D. Pa. June 9, 2011) ("Given that the expert reports submitted in this case disputing facts were merely signed and not supported by affidavits or declarations, the reports are 'not competent to be considered' [on] Summary Judgment"). The Third Circuit has previously held that excluding an unsworn expert report on summary judgment was proper, where, as here, the plaintiff failed to promptly correct the deficiency: "While evidence should not be excluded on

summary judgment on hypertechnical grounds, we are swayed in this case by the fact that defendants raised this issue . . . and plaintiff did nothing to correct the error." *Fowle v. C & C Cola, a Div. of ITT-Cont'l Baking Co.*, 868 F.2d 59, 67 (3d Cir. 1989). SCM raised this issue in support of its motion for summary judgment, but Hatcher did not address it until now.

In the present motion, Hatcher does not meet the stringent standard necessary for the Court to alter or amend its judgment. A motion for reconsideration may be granted only where there is: (1) an intervening change in the controlling law; (2) "new evidence that was not available when the court granted the motion for summary judgment;" or (3) a clear error of fact or law. *Max's Seafood Cafe*, 176 F.3d at 677. Hatcher succeeds on none of these grounds. First, the law has not changed since the court granted summary judgment on March 1, 2016. Second, Hatcher offers no evidence that was previously unavailable at the time the Court granted summary judgment. In his motion for reconsideration, Hatcher seeks, for the first time, to introduce testimony from the deposition of the expert, Craig Clauser, on February 9, 2016, in which he confirms the contents of the report. (Pl.'s Mem. Supp. Mot. Reconsideration 3.) This evidence was available three weeks before the Court granted summary judgment, but Hatcher failed to introduce it while the motion for summary judgment was pending.

Finally, Hatcher fails to establish that this Court committed a "clear error" of law in excluding the report. He does not cite a single case pertaining to expert reports to support his position, instead relying by analogy on two cases concerning the consideration of hearsay evidence on summary judgment. *See Shelton v. Univ. of Med. & Dentistry of N.J.*, 223 F.3d 220, 223 n.2 (3d Cir. 2000) (noting that statements can be considered on a motion for summary judgment if they could be admissible in some form at trial). This analogy is unpersuasive, in particular because there are cases in this Circuit specifically excluding unsworn expert reports on

3

summary judgment. *See, e.g.*, *Fowle*, 868 F.2d at 67. While the 2010 Amendments to the Federal Rules of Civil Procedure removed the affidavit requirement, the Third Circuit has explained that, even now, "[u]nsworn declarations may [only] substitute for sworn affidavits where they are made under penalty of perjury and otherwise comply with the requirements of 28 U.S.C. § 1746." *Ray v. Pinnacle Health Hosps., Inc.*, 416 F. App'x 157, 164 n.8 (3d Cir. 2010). Simply signing the document is not sufficient for compliance with 28 U.S.C. § 1746. *See Burrell*, 2011 WL 5458324, *1. Therefore, the exclusion of the expert report was not a clear error of law.

### B. Jonathan Bagby's Deposition Testimony Is Not Material

Hatcher claims that the Court "apparently overlooked" the deposition testimony of Jonathan Bagby, an officer at SCM. According to Hatcher, "Mr. Bagby's admission that the warning decal affixed to the subject shaper could cause confusion . . . alone is sufficient to illustrate that a genuine issue of material fact exists as to the adequacy of the warnings." (Pl.'s Mem. Supp. Mot. Reconsideration 7.) Hatcher relies in particular on this passage:

> Q. So just by looking at [the warning label on the machine that states, "DON'T RUN THE MACHINE WITHOUT NECESSARY SAFETY GUARDS"], if you didn't know more about the industry, can you appreciate how somebody would think that they have the necessary safety guards in place?
>
> A. I can see that.

(*Id*. at 6; Bagby Dep. at 68:17-22.) In fact, the Court considered Bagby's testimony, and concluded that it failed to create a genuine issue of material fact for at least two reasons. First, Plaintiff's counsel only asked whether someone who "didn't know more about the industry" might find the warning confusing. This qualification does not apply to Hatcher, who was not a newcomer to the industry, even if he lacked extensive experience operating the T130 Shaper. (Def.'s Statement of Undisputed Facts ¶¶ 22-28.) By the same token, "[t]he duty to adequately

4

warn does not require the manufacturer to educate a neophyte in the principles of the product." *See Mackowick v. Westinghouse Electricity Corp.*, 575 A.2d 100, 102 (Pa. 1990).

Second, and more importantly, the Court must consider all of the warnings provided with the product, not just the on-product warnings, when evaluating whether a manufacturer is strictly liable for failure to warn. *See Davis v. Berwind Corp.*, 690 A.2d 186, 190-191 (Pa. 1997) (evaluating on-product warnings and operating manual warnings together). In addition to the on-product warnings, the T130 Shaper came with an operating manual that explained in detail how to use the safety guards. (Def.'s Statement of Undisputed Facts ¶¶ 15-21.) Hatcher admits that he knew Timberlane, Inc., had manuals for virtually all of its machines and that he could have asked to review the manual for the T130 Shaper. (*Id.* ¶ 37.) He admits that he never read the manual or the on-product warnings. (*Id.* ¶¶ 36-37.) He further admits that if he had read the manual, he would have known how to use the blade guard. (*Id.* ¶ 38.) The Court concluded that the on-product warnings and the manual, in the aggregate, were sufficient to warn the user of any unobvious dangers in operating the product without safety guards, and to inform the user how to install those guards. The possibility of a dispute about the adequacy of one of the warnings alone is not sufficient to oppose summary judgment.

## C. The Pennsylvania Supreme Court's Decision in *Amato* Would Not Affect the Outcome of This Case

Finally, the Court will not prolong this litigation pending the outcome of the Pennsylvania Supreme Court's decision in *Amato*, because it would not affect the outcome of this case. Regardless of the ruling in *Amato*, summary judgment is proper if there is no genuine dispute of material fact such that "reasonable minds [cannot] differ on the issue." *Tincher*, 104 A.3d 328, 407. Here, without the expert report, there is no genuine dispute of material fact. Thus,

the Court would grant summary judgment to SCM even if the Pennsylvania Supreme Court extended *Tincher* to failure-to-warn claims.

## III.   CONCLUSION

For the foregoing reasons, Plaintiff's motion is denied. An order consistent with this Memorandum will be docketed separately.